James A. McDevitt
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 07 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA, )
       Plaintiff, )
   vs. )
SCOTT DEAN BROWN, )
       Defendant. )

CR-06-0044-WFN

Plea Agreement

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant SCOTT DEAN BROWN and the Defendant's counsel, Bevan Maxey, agree to the following Plea Agreement:

1.   <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, SCOTT DEAN BROWN, agrees to plead guilty to Count 3  of the Indictment filed on May 9, 2006, charging the Defendant with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1).

The Defendant, SCOTT DEAN BROWN, understands that the charge contained in the Indictment is a Class (B) felony charge. The Defendant, SCOTT DEAN BROWN, also understands that the maximum statutory penalty for Production of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1), is not

Plea Agreement- 1
P70508JM.SLA.wpd

1 less than 5 years nor more than 20 years imprisonment; a fine not to exceed
2 $250,000; a term of supervised release of up to life; and a $100 special penalty
3 assessment.
4     The Defendant, SCOTT DEAN BROWN, understands that a violation of a
5 condition of supervised release carries an additional penalty of re-imprisonment
6 for all or part of the term of supervised release without credit for time previously
7 served on post-release supervision.
8     2.   <u>Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)©:</u>
9     The Defendant understands that this is a Plea Agreement pursuant to Fed. R.
10 Crim. P. 11(c)(1)©. The United States and Defendant agree that a sentence of
11 twenty (20) years should be imposed. Pursuant to Fed. R. Crim. P. 11(c)(1)©, the
12 United States may withdraw from this Plea Agreement if the Court imposes a
13 lesser sentence than agreed upon. The Defendant further understands that the
14 Defendant will have the option to withdraw from this Plea Agreement if the Court
15 imposes a sentence harsher than agreed upon.
16     3.   <u>Waiver of Constitutional Rights:</u>
17     The Defendant, SCOTT DEAN BROWN, understands that by entering this
18 plea of guilty the Defendant is knowingly and voluntarily waiving certain
19 constitutional rights, including:
20         (a).   The right to a jury trial;
21         (b).   The right to see, hear and question the witnesses;
22         ©.   The right to remain silent at trial;
23         (d).   The right to testify at trial; and
24         (e).   The right to compel witnesses to testify.
25     While the Defendant is waiving certain constitutional rights, the Defendant
26 understands the Defendant retains the right to be assisted through the sentencing
27 and any direct appeal of the conviction and sentence by an attorney, who will be
28 appointed at no cost if the Defendant cannot afford to hire an attorney. The

Plea Agreement- 2
P70508JM.SLA.wpd

Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

(a). First, on or about between March 2005 through July 3, 2005, in the Eastern District of Washington, the Defendant, SCOTT DEAN BROWN knowingly transported a visual depiction in interstate commerce by any means, including a computer; and

(b). Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256; and

©. Third, that such visual depiction was of a minor engaged in sexually explicit conduct; and

(d). Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

(e). Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for SCOTT DEAN BROWN's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts

1  which are relevant to the guideline computation or sentencing, unless otherwise
2  prohibited in this agreement.
3      On April 24, 2006, Special Agent Marcus Munn of Immigration and
4  Customs Enforcement (ICE) was contacted by the Okanogan County Sheriff's
5  Office requesting forensic assistance with an on-going child abuse investigation
6  regarding SCOTT DEAN BROWN. S/A Munn was advised by Okanogan County
7  Sheriff's Detective Behymer that on January 26, 2006, the Okanogan County
8  Sheriff's Office served a search warrant on BROWN's residence located at 62B
9  North Kirkpatrick Road in Omak, WA. During that search warrant deputies
10  seized, among other things a desktop computer, computer disks and various
11  computer parts from BROWN's bedroom. The search of the home conducted by
12  the Okanogan County Sheriff's Deputies was primarily limited to the bedroom
13  being occupied by BROWN.
14      On May 1, 2006 S/A Munn was contacted by ICE forensic examiner S/A
15  Swenson regarding evidence found during the initial examination of that
16  computer. S/A Swenson told S/A Munn that he had found two (2) video clips and
17  between three hundred (300) to four hundred (400) images containing what
18  appeared to be child pornography. Those images and video clips contained visual
19  depictions of minors engaging in sexually explicit conduct including oral sexual
20  intercourse and the lascivious exhibition of the genitals of said minor(s). Many of
21  those images contained what appeared to be a known female, under the age of
22  twelve, here after referred to as "Victim A".
23      On that same date, based on the above information, S/A Munn went to
24  BROWN's residence located at 62B North Kirkpatrick Road in Omak, WA. At
25  that time, S/A Munn placed BROWN under arrest and subsequently transported
26  him to the Okanogan County Sheriff's Office. While helping BROWN put on his
27  tennis shoes inside his home, S/A Munn noticed that BROWN had installed a new
28

Plea Agreement- 4
P70508JM.SLA.wpd

1    computer in his bedroom where the previous computer had been seized by

2    Sheriff's deputies in January of 2006.

3          On the evening of May 1, 2006, at approximately 5:20 p.m., S/A Munn and

4    Detective Behymer conducted an interview with BROWN. Prior to asking any

5    questions, S/A Munn read BROWN his Miranda rights and asked if he was willing

6    to answer questions regarding the evidence found on his computer. BROWN

7    advised that he understood his rights and agreed to answer questions. During that

8    interview, BROWN stated that beginning in 2003, he and "Victim A" engaged in

9    sexual conduct, which he recorded in photos and videos. BROWN further stated

10   that those photos and videos were stored on his computer and transmitted via the

11   internet to other individuals.

12         BROWN also advised that he has recorded photos and videos of other

13   alleged victims in addition to "Victim A". BROWN admitted to S/A Munn and

14   Detective Behymer that there were more than four other victims which BROWN

15   has photographed. BROWN told S/A Munn and Detective Behymer that videos

16   and/or photos of child pornography produced by BROWN were taken with

17   BROWN's digital camera, a "webcam" connected to his personal computer and a

18   "spy camera" installed in a clock radio. Additionally, BROWN advised Detective

19   Behymer and S/A Munn that he had, on occasion, used other computers (besides

20   that which was seized by Sheriff's Deputies in January of 2006) located at the

21   same residence to produce, record and transfer images of child pornography

22   including those of "Victim A".

23         On May 2, 2006, a federal search warrant was executed at Defendant's

24   residence. A number of computers were seized. According to the forensic

25   examiner the Defendant was in possession of over 300 but less than 600 images of

26   child pornography. Furthermore, the forensic examiner would testify that the

27   images had been transported in interstate commerce via a computer.

28         6.    The United States Agrees:

Plea Agreement- 5
P70508JM.SLA.wpd

1    At the time of sentencing, the United States agrees to move to dismiss
2  Counts 1, 2 and 4 of the Indictment, which charge the Defendant with Production
3  of Child Pornography, in violation of 18 U.S.C. § 2251(a)(1), and Possession of
4  Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  The United
5  States also agrees to dismiss Count 5 of the Indictment, Forfeiture, as provided in
6  paragraph 13 of this Plea Agreement.
7        7.    United States Sentencing Guideline Calculations:
8        The Defendant understands and acknowledges that the United States
9  Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that
10  the Court will determine the Defendant's applicable sentencing guideline range at
11  the time of sentencing.
12            (a.)    Base Offense Level:
13        The United States and the Defendant agree that the base offense level for
14  Transportation of Child Pornography is 22.  See U.S.S.G. §2G2.2(b)(2).
15            (b.)    Specific Offense Characteristics:
16        The United States and the Defendant also agree and stipulate that the base
17  offense is increased by an additional two (2) levels because the offense involved a
18  minor who had not attained the age of 12 years.  See U.S.S.G. § 2G2.1(b)(2).
19        The United States and the Defendant also agree and stipulate that the base
20  offense is increased by an additional two (2) levels because the offense involved
21  distribution other than distribution described in subdivision (A) through (E).  See
22  U.S.S.G. § 2G2.2(b)(3)(F).
23        The United States and the Defendant also agree and stipulate that the base
24  offense is increased by an additional five (5) levels because the Defendant
25  engaged in a pattern of activity involving the sexual abuse or exploitation of a
26  minor.  See U.S.S.G. § 2G2.2(b)(5).
27
28

Plea Agreement- 6
P70508JM.SLA.wpd

1    The United States and the Defendant also agree and stipulate that the base

2  offense is increased by an additional two (2) levels because the offense involved

3  the use of a computer.  See U.S.S.G. § 2G2.1(b)(6).

4    The United States and the Defendant also agree and stipulate that the base

5  offense is increased by an additional four (4) levels because the offense involved

6  at least 300 but fewer than 600 images.  See U.S.S.G. § 2G2.2(b)(7)©.

7    (c.)    Acceptance of Responsibility:

8    If the Defendant pleads guilty and demonstrates a recognition and an

9  affirmative acceptance of personal responsibility for the criminal conduct;

10  provides complete and accurate information during the sentencing process; does

11  not commit any obstructive conduct; accepts this Plea Agreement; and enters a

12  plea of guilty no later than June 7, 2007, the United States will move for a three

13  (3) level downward adjustment in the offense level for the Defendant's timely

14  acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

15    The Defendant and the United States agree that the United States may at its

16  option and upon written notice to the Defendant, not recommend a three (3) level

17  downward reduction for acceptance of responsibility if, prior to the imposition of

18  sentence, the Defendant is charged or convicted of any criminal offense

19  whatsoever or if the Defendant tests positive for any controlled substance.

20    Furthermore, the Defendant agrees to pay the $100 mandatory special

21  penalty assessment to the Clerk of Court for the Eastern District of Washington, at

22  or before sentencing, and shall provide a receipt from the Clerk to the United

23  States before sentencing as proof of this payment, as a condition to this

24  recommendation by the United States.

25    Therefore, the United States and the Defendant agree that the Defendant's

26  final adjusted offense level would be 34.

27

28

Plea Agreement- 7
P70508JM.SLA.wpd

(d.) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8. <u>Incarceration</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agree that the Defendant be sentenced to 20 years, to be followed by a life term of supervised release. The parties have agreed to make this recommendation based upon the Defendant's cooperation in providing information relating to his production of child pornography and the Government's agreement to dismiss counts 2-5 of the Indictment. If the Court does not accept the plea or chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon, the Defendant and the United States each may withdraw from the plea and this agreement is null and void.

9. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a life year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

(1) that the Defendant not have any contact with the victim(s);

(2) that the Defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation

Plea Agreement- 8
P70508JM.SLA.wpd

Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

(3) that the Defendant allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer;

(4) that the Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades;

(5) that the Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, message parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his telephone records to monitor compliance, at the direction of the Probation Officer;

(6) that the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer;

Plea Agreement- 9
P70508JM.SLA.wpd

(7) that the Defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

(8) that the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

11. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

12. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13. <u>Forfeiture</u>:

The United States agrees to dismiss Count 5, Forfeiture, because the property has been abandoned, administratively forfeited, or is contraband.

14. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition

Plea Agreement- 10
P70508JM.SLA.wpd

of sentence, the Defendant is charged or convicted of any criminal offense
whatsoever or if the Defendant tests positive for any controlled substance.

15. <u>Appeal Rights:</u>

Defendant understands that he has a limited right to appeal or challenge the
conviction and sentence imposed by the Court. Defendant hereby expressly
waives his right to appeal his conviction and the sentence the Court imposes,
including any restitution order. Defendant further expressly waives his right to
file any post-conviction motion attacking his conviction and sentence, including a
motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance
of counsel based on information not now known by Defendant and which, in the
exercise of due diligence, could not be known by Defendant by the time the Court
imposes the sentence.

16. <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document
constitutes the entire Plea Agreement between the United States and the
Defendant, and no other promises, agreements, or conditions exist between the
United States and the Defendant concerning the resolution of the case. This Plea
Agreement is binding only upon the United States Attorney's Office for the
Eastern District of Washington, and cannot bind other federal, state or local
authorities. The United States and the Defendant agree that this agreement cannot
be modified except in a writing that is signed by the United States and the
Defendant.

//
//
//
//
//
//
//
//

Plea Agreement- 11
P70508JM.SLA.wpd

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_Stephanie J. Lister_ _____     _____6/7/07_____
Stephanie J. Lister                          Date
Assistant U.S. Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     _____6-7-07_____
SCOTT DEAN BROWN                       Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____     _____6-7-07_____
Bevan Maxey                           Date
Attorney for the Defendant

Plea Agreement- 12
P70508JM.SLA.wpd